# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-318V
Filed: February 20, 2014
Not for Publication

```
*************************************
KAY ANNE JACOBSON,                  *
                                    *
            Petitioner,             *
                                    *           Damages decision based on
v.                                  *           stipulation; influenza vaccine;
                                    *           GBS; CIDP; fees and costs
SECRETARY OF HEALTH                 *           decision based on stipulation
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

Richard H. Moeller, Sioux City, IA, for petitioner.
Traci R. Patton, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

On February 20, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that she sustained the first symptom or manifestation of the onset of Guillain-Barré Syndrome ("GBS") or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") within 10 days of her September 14, 2011, receipt of influenza ("flu") vaccine. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Respondent denies that flu vaccine caused petitioner to suffer GBS, CIDP, or any other injury or condition. Nonetheless, the parties agreed

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

to resolve this matter informally.

The court finds the terms of the stipulation to be reasonable, hereby adopts the parties' stipulation, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards:

a. a lump sum of **$219,723.76**, representing compensation for first year life care expenses ($34,723.76) and pain and suffering ($185,000.00). The award shall be in the form of a check made payable to petitioner; and

b. an amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation. The award shall be in the form of a check made payable to the life insurance company from which the annuity will be purchased; and

c. a lump sum of **$127,584.79**, representing reimbursement of a State of Iowa Medicaid lien. The award shall be in the form of a check made payable jointly to petitioner and

> Iowa Lien Recovery Unit
> P.O. Box 36446
> Des Moines, IA 50315
> Attn: Ms. Alexis Belluchi.

Petitioner agrees to endorse this payment to the Iowa Lien Recovery Unit.

The parties have also agreed on an appropriate amount for attorneys' fees and costs in this case. In accordance with the General Order #9 requirement, petitioner asserts that she incurred no costs in pursuit of her petition.

Petitioner requests $24,300.00 in attorneys' fees and costs, to which respondent does not object. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$24,300.00**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Berenstein, Moore, Hefferman, Moeller & Johnson, L.L.P.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 20, 2014                                         /s/ Laura D. Millman
                                                                  Laura D. Millman
                                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KAY A. JACOBSON,<br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 12-318V<br>Special Master Millman<br>ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Kay A. Jacobson, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu immunization on September 14, 2011.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she sustained the first symptom or manifestation of the onset of Guillain-Barre Syndrome ("GBS") or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") within 10 days of receipt of the vaccine, and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

1

6. Respondent denies that the flu vaccine caused petitioner to suffer GBS, CIDP, or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $219,723.76, which amount represents compensation for first year life care expenses ($34,723.76) and pain and suffering ($185,000.00), in the form of a check payable to petitioner;

    b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");

    c. A lump sum of $24,300.00, in the form of a check payable jointly to petitioner and petitioner's attorney, Richard Moeller, of Berenstein, Moore, Hefferman, Moeller & Johnson, L.L.P., pursuant to 42 U.S.C. § 300aa-15(e), for attorneys' fees and costs. In compliance with General Order #9, petitioner represents that she incurred no out-of-pocket expenses in proceeding on the petition; and

    c. A lump sum of $127,584.79, which amount represents reimbursement of a State of Iowa Medicaid lien, in the form of a check payable jointly to petitioner and

Iowa Lien Recovery Unit
P.O. Box 36446
Des Moines, IA 50315
Attn: Ms. Alexis Belluchi.

Petitioner agrees to endorse this payment to the Iowa Lien Recovery Unit.

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Kay A. Jacobson, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

    a.    For future unreimbursable Neurologist or Physiatrist, Primary Care Physician, CMP, Baclofen, Prednisone, Ranitidine, and Hydrocodone expenses, beginning on the first anniversary of the date of judgment, an annual amount of $870.70 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment;

    b.    For future unreimbursable PT, OT Reassessment, Psychological Therapy/Counseling expenses, beginning on the first anniversary of the date of judgment, an annual amount of $273.91 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    c.    For future unreimbursable Medical Alert Tag, Wheeled Walker, Bed Rail, Super Pole, Arch Support, Tub Bench, Ramp, Weight, Yoga Mat, and Large Exercise Ball expenses, on the first anniversary of the date of judgment, a lump sum of $146.54; then, on the anniversary of the date of judgment in year 2016, a lump sum of $178.42; then, beginning on the anniversary of the date of judgment in year 2017, an annual amount of $157.17 to be paid up to the anniversary of the date of judgment in year 2021; then, on the anniversary of the date of judgment in year 2021, a lump sum of $373.84; then, on the anniversary of the date of judgment in year 2022, a lump sum of $188.12; then, on the anniversary of the date of judgment in year 2023, a lump sum of $201.12; thereafter, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $189.42 to paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    d.    For future unreimbursable Cell Phone Service and Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,440.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    e.    For future unreimbursable Neurologist, Primary Care and Pharmacy Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $157.25 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    f.    For future unreimbursable home/attendant services expenses, beginning on the first anniversary of the date of judgment, an annual amount of $9,568.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth above in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Kay A. Jacobson, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Kay A. Jacobson's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are

4

released from any and all obligations with respect to future annuity payments.

12. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

13. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

14. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

15. In return for the payments described in paragraph 8, petitioner, in her individual capacity, on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 14, 2011, as

alleged by petitioner in a petition for vaccine compensation filed on or about May 16, 2012, in the United States Court of Federal Claims as petition No. 12-318V.

16. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

17. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

18. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

19. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

20. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused petitioner's GBS or CIDP or any other injury or condition.

21. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*[signature: Kay A. Jacobson]*

KAY A. JACOBSON

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature: Richard H. Moeller]*

RICHARD H. MOELLER ESQ.
BERENSTEIN, MOORE, HEFFERMAN,
MOELLER & JOHNSON, L.L.P.
US Bank Building
501 Pierce Street
P.O. Box 3207
Sioux City, Iowa 51102
(712) 252-0020

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature: Vincent J. Matanoski]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature: Vito Caserta, for]*

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature: Traci R. Patton]*

TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: **2-19-2014**

8